1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9                NORTHERN DISTRICT OF CALIFORNIA
10

| 11 | In re MOHAMMAD ATIQ TAYMUREE, | **CASE NO.:** C 09-3420 CRB |
|---|---|---|
| 12 | Petitioner. | **ORDER GRANTING MOTION FOR AMENDMENT OF NATURALIZATION APPLICAION** |
| 13 | | |
| 14 | | |
| 15 | | |

16

Pending before the Court is Petitioner Mohammad Taymuree's ("Applicant") Form N-410 Motion for Amendment of Naturalization Application (Docket #1) seeking a change of birth date. For the following reasons, the Court **GRANTS** Applicant's request.

**I. Background**

On July 24, 2009, Petitioner filed a Form N-410 Motion for Amendment Of Naturalization Application seeking a change of birth date pursuant to 8 C.F.R.§ 334.16(b). In his Motion, Petitioner claimed the date of birth recorded on his petition for naturalization was incorrectly reported. The record implies that the mistaken recording is due to a clerical error.

Petitioner alleged that his actual birth date, October 5, 1945, which was the thirteenth day of the seventh month of the Persian solar calendar year 1324, was recorded as January 5, 1950. Petitioner was born in his parents' home in the region of Kabul, Afghanistan. At the time of Petitioner's birth, no records were kept of births occurring in private homes, particularly in smaller villages such as his which

1  did not have medical facilities.  Because of the small size of Petitioner's birth village, no birth
2  certificates or other records are available for the period surrounding his birth, and his birth was not
3  registered.

4  Members of Petitioner's family, due to their lack of awareness of his correct birthday as well as
5  errors in converting between the Persian and Gregorian calendars, informed various governmental
6  authorities of an incorrect birth date for Petitioner.  Petitioner's brother, in completing his original I-20
7  application, incorrectly translated and listed Mr. Taymuree's birth date under the Gregorian calendar as
8  January 5, 1950, when Petitioner left Afghanistan and came to the United States in the late-1970s due to
9  the rapidly deteriorating political situation in that country.

10  Petitioner became a naturalized United States citizen on January 6, 1983.  Approximately seven
11  years ago, Petitioner began the process of correcting his birth date.  In 2003, Petitioner corrected his
12  birth date with the government of Afghanistan, and the Consulate General of Afghanistan in New York
13  issued him an Afghan passport with his correct birth date of October 5, 1945.  In March, 2004, Petitioner
14  filed a petition with the Superior Court of California, County of Alameda, case number RP04147887, to
15  establish the fact of his birth as October 5, 1945. In support of Petitioner application with the Alameda
16  County court, he submitted a declaration from his mother, Fukhraj Aslam, detailing the facts
17  surrounding his birth.  Petitioner's mother is now deceased.  On April 2, 2005, the Alameda County
18  Superior Court issued an Order Establishing Fact of Birth, declaring October 5, 1945 as Petitioner's true
19  and correct date of birth.

20  On October 29, 2007, Petitioner filed Form N-565, Application for Replacement Naturalization or
21  Citizenship Certificate, with the U.S. Citizenship and Immigration Services ("USCIS") office, to correct
22  his birth date.  However, USCIS denied this application, and via a letter dated July 29, 2008, informed
23  Petitioner that only the United States Federal District Court has the authority to make this change to his
24  naturalization certificate.  Consequently, Petitioner filed the instant N-410 Motion for Amendment of
25  Naturalization Certificate to correct his birth date on his naturalization certificate.

26  On September 10, 2009, USCIS filed a Statement of Non-Opposition to the petition.  The USCIS
27  indicated that in light of the Alameda County Superior Court's order and the evidence as a whole,
28  USCIS had no opposition to the amendment.

1 **II. Legal Standard**

2    A.  Jurisdictional Authority

3    Two regulations govern Mr. Taymuree's request to amend his Certificate of Naturalization.  Title 0 C.F.R. § 334.16(b), which allows for an amendment to a *petition* for naturalization, provides in part: "whenever an application is made to the court to amend a petition for naturalization after final action thereon has been taken by the court, a copy of the application  shall be served upon the district director having administrative jurisdiction over the territory in which the court is located."  8 C.F.R. § 334.16(b) (2009).  If the application is made "to correct a clerical error arising from oversight or omission," the district director may not object to the petition.  8 C.F.R. § 334.16(b).

   The Regulations further allow a correction to a naturalization certificate when it "does not conform to the facts shown on the application for naturalization or when a clerical error occurred in preparing the certificate."  8 C.F.R. § 338.5.

   Courts have used section 338.5 to make amendments to a Certificate of Naturalization upon a finding of an honest mistake made by the petitioner seeking amendment.  Kouanchao v. United States Citizenship and Immigration Services, 358 F. Supp. 2d 837 (D. Minn. 2005); Varghai v. INS, District Director, 932 F. Supp. 1245, 1246 (D. Or. 1996); see also In re Lee, 2007 WL 926501, at *2 (N.D. Cal. 2007).  Further, this Court has jurisdiction to amend a pre-1990 naturalization order.  Matter of Shrewsbury, 77 F.3d 490 (9th Cir. 1996).  Shrewsbury noted "because the order naturalizing this petitioner was a court order, the court had jurisdiction . . . to amend it."  Id.

   Petitioner offered evidence he was naturalized by court order in 1983.  This Court therefore has jurisdiction to amend Petitioner's Certificate of Naturalization.

   B.  Burden of Proof

   Petitioner bears the burden of proof of showing that the date on his Certificate of Naturalization is incorrect and that October 5, 1945, is his correct date of birth.  Kouanchao, 358 F. Supp. 2d at 838.

**III. Analysis**

   Based on the record presented, a finding of clerical error is appropriate.  Petitioner has submitted material establishing a prima facie case that his date of birth is in fact October 5, 1945.

   Petitioner was born at his parents' home in a small village in Afghanistan where no records of births

1   were kept.  Petitioner provided evidence in the form of declaration from his deceased mother, the person
2   most keenly aware of the circumstances surrounding his birth.  Petitioner provided evidence  that during
3   the war-torn period in Afghanistan of the late 1970s, he immigrated to the United States, and when his
4   brother completed the I-20 application for Petitioner, and unsure of the correct birth date and calendar
5   translation, his brother provided an incorrect Gregorian calendar date.

6   Petitioner expended considerable effort to have his birth date corrected.  First, he corrected his birth
7   date with Afghan authorities.  He filed a petition with the Superior Court in Alameda County seeking a
8   court order confirming his correct birth date, and provided a sworn declaration from his mother detailing
9   the circumstances of his birth.  After reviewing all of the evidence, the Superior Court granted Mr.
10  Taymuree's petition.  Following receipt of this order, Petitioner attempted to correct his birth date with
11  United States Citizenship and Immigration Services ("CIS"), only to be told to file a petition in the
12  United States District Court.

13  Petitioner has made a sufficient showing to have his petition granted.

14  **IV. Conclusion**

15  For the foregoing reasons, the Court **GRANTS** Applicant's Petition to change his date of birth on
16  his Certificate of Naturalization.  The Court further **ORDERS** the Clerk of this Court to serve Rosemary
17  Melville, the District Director of the USCIS at 630 Sansome Street in San Francisco, California 94111,
18  with a copy of this Order to be placed in Petitioner's Service file pursuant to 8 C.F.R. § 334.16(b).

20  **IT IS SO ORDERED.**

22  Dated: November  10 , 2009



_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE